UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
ANTHONY MARRONE

                Plaintiff,

       - against -

AMAZON.COM SERVICES,

                Defendant.
------------------------------------------------------------- x

Case No. 22-cv-6385 (RPK) (LB)

**ANSWER AND DEFENSES**

Defendant Amazon.com Services LLC (named incorrectly in this action as Amazon.com Services), by its attorneys, Davis Wright Tremaine LLP, hereby answers the complaint for employment discrimination filed by plaintiff Anthony Marrone as follows:

## I. THE PARTIES TO THE COMPLAINT

### A. THE PLAINTIFF(S)

1. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in section I(A) of the complaint, except admits that plaintiff's name is Anthony Marrone, his telephone number is 347-409-6718, and his e-mail address is marroneanthony5@gmail.com.

### B. THE DEFENDANT(S)

2. Denies the allegations in section I(B) of the complaint, except admits that defendant's telephone number is 206-266-1000, and, further answering, avers that defendant's correct legal name and location are Amazon.com Services LLC and 410 Terry Avenue North, Seattle, WA 98109, respectively.

### C. PLACE OF EMPLOYMENT

3. Denies the allegations in section I(C) of the complaint, except admits that plaintiff worked at 526 Gulf Avenue, Staten Island, NY 10314, in Richmond County.

## II. BASIS FOR JURISDICTION

4. Denies the allegations in section II of the complaint, except admits that plaintiff purports to assert claims under the statutes referenced therein.

## III. STATEMENT OF CLAIM

5. Denies the allegations in section III(A) of the complaint.

6. Denies the allegations in section III(B) of the complaint.

7. Denies the allegations in section III(C) of the complaint.

8. Denies the allegations in section III(D) of the complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff was born on April 16, 1971, and therefore denies same.

9. Denies the allegations in section III(E) of the complaint.

## IV. EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

10. Denies the allegations in section IV(A) of the complaint, except admits that plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and refers to that document for its contents.

11. Admits the allegations in section IV(B) of the complaint.

12. Denies the allegations in section IV(C) of the complaint, except admits that 60 days or more have elapsed since plaintiff filed a charge of age discrimination and refers to that document for its contents.

## V. RELIEF

13. Denies that plaintiff is entitled to any of the relief alleged in section V of the complaint or to any relief whatsoever.

## VI. CERTIFICATION AND CLOSING

14. This section does not contain an allegation to which a response is required.

## DEFENSES

The statement of any defenses hereafter does not assume the burden of proof for any issue as to which applicable law places the burden on plaintiff.

1. The complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The complaint is barred, in whole or in part, by the applicable statute of limitations.

3. The complaint is barred, in whole or in part, by virtue of plaintiff's conduct.

4. The complaint is barred, in whole or in part, by the doctrines of laches, estoppel and waiver.

5. If plaintiff has suffered damages, which defendant expressly denies, upon information and belief, plaintiff has failed to make reasonable and diligent efforts to mitigate his damages.

6. Defendant's actions with respect to plaintiff were taken solely for legitimate, non-discriminatory, non-retaliatory, non-prohibited reasons and/or for good cause unrelated to plaintiff's race, age, alleged disability, other protected characteristics or any other illegal grounds.

7. At all relevant times, including before the allegations that form the basis of plaintiff's claims, defendant had established and complied with policies, programs and procedures for the detection, prevention and remediation of unlawful employment practices.

8. At all relevant times, including before the allegations that form the basis of plaintiff's claims, defendant exercised reasonable care to prevent and correct promptly any discriminatory, harassing or retaliatory behavior. Plaintiff unreasonably failed to avail himself of an internal grievance policy with respect to claims of discrimination, harassment or retaliation.

9. If plaintiff is able to prove any of his claims, which defendant denies, defendant reserves its right to assert a mixed-motive defense.

10. If and to the extent that any action taken with respect to plaintiff was motivated by an impermissible consideration, which defendant expressly denies, defendant would have taken the same action for lawful, non-discriminatory, non-retaliatory reasons.

11. Plaintiff is not entitled to punitive damages because defendant's conduct was not motivated by evil motive or intent, nor was defendant's conduct in reckless indifference to the protected rights of plaintiff. To the extent that any of defendant's agents acted with such evil motive or intent, or reckless indifference to the federally protected rights of plaintiff, which defendant expressly denies, such actions were contrary to defendant's good-faith efforts to enforce their anti-discrimination, anti-harassment and anti-retaliation policies.

12. To the extent that plaintiff seeks to recover damages from defendant for personal injuries, emotional distress, and/or mental anguish incurred in the course of or arising out of his employment with defendant, such recovery is barred by the exclusive remedy provisions of the New York State Workers' Compensation Law.

13. The complaint is barred, in whole or in part, because it relies upon facts and claims that were not alleged in the administrative charge of discrimination.

14. The complaint is barred, in whole or in part, because plaintiff failed to exhaust all administrative prerequisites before filing suit.

15. Plaintiff was not a qualified individual with a disability as defined by the Americans with Disabilities Act.

16. Plaintiff's claims are barred, in whole or in part, because he was not treated less favorably than other employees on the basis of a protected status, including race, age, and disability.

17. The complaint or any relief sought by plaintiff is barred, in whole or in part, by such additional defenses as defendant may have that cannot now be articulated due to the generality of plaintiff's pleadings and the fact that discovery has not yet commenced. Defendant reserves the right to supplement the foregoing and to raise additional defenses as the case progresses.

**WHEREFORE**, defendant respectfully requests that the complaint be dismissed with prejudice and that defendant be awarded costs, including reasonable attorneys' fees, along with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 25, 2023

DAVIS WRIGHT TREMAINE LLP

By: /s/ Rodrigo Tranamil
Roy P. Salins
Rodrigo Tranamil
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
(212) 489-8230
roysalins@dwt.com
rodrigotranamil@dwt.com

*Attorneys for Defendant*